IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-41282
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

        versus

ROCKY BERT COZZENS,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for the
Eastern District of Texas
(1:96-CR-61-1)

_____

July 20, 1998

Before KING, GARWOOD and SMITH, Circuit Judges.[*]

PER CURIAM:

        Rocky Bert Cozzens appeals the sentence he received after his
case was remanded for resentencing.  He argues that the district
court abused its discretion in departing upward.  Specifically, he
contends that the district court gave inadequate reasons for
departing upward and that the extent of the departure was
unreasonable.  After reviewing the record and the briefs of the

_____

[*]     Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

parties, we hold that the district court did not abuse its discretion in departing upward.  *See United States v. Ashburn*, 38 F.3d 803, 807 (5th Cir. 1994) (en banc).  The district court gave acceptable reasons for departing upward.  *See United States v. Laury*, 985 F.2d 1293, 1310 (5th Cir. 1993).  Likewise, the extent of the departure was reasonable.  *See United States v. Chappell*, 6 F.3d 1095, 1102 (5th Cir. 1993); *Laury*, 985 F.2d at 1310-11.

Further, on the prior appeal we held that "the district court gave adequate reasons for departure upward."  *United States v. Cozzens*, No. 96-41223 (5th Cir. Aug. 1, 1997) (unpublished).  The reasons given at resentencing were essentially the same, only even more adequate.  Moreover, on resentencing the district court complied fully and properly with our prior opinion requiring it to "explain how it arrived at a sentence of 50 months"—likewise imposed on resentencing—and reflect that it had "considered guideline ranges for higher offense levels."  *Id*.  *See United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998).  In any event, even apart from *Marmolejo*, it is clear that the instant appeal is wholly lacking in any merit.

AFFIRMED

2